UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ECC ENTERPRISE LIMITED,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>TD BANK, N.A.,<br><br>　　　　　　　Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:23-CV-03760-KMW-AMD<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** having come before the Court by way of the Motion of defendant TD Bank, N.A. ("Defendant") seeking to dismiss the two-count Amended Complaint of plaintiff ECC Enterprise Limited ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6); and

**THE COURT HAVING CONSIDERED** Defendant's Motion (ECF No. 9), Plaintiff's Opposition thereto (ECF Nos. 11–12), and Defendant's Reply (ECF No. 13)[1]; and

**THE COURT OBSERVING** that Plaintiff seeks to recover certain funds allegedly frozen and being held in the account of a non-party TD Bank customer who, according to the Amended Complaint, fraudulently induced Plaintiff to wire $348,300; and

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain "detailed factual allegations," but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not suffice if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

1

**THE COURT FURTHER OBSERVING** that the Amended Complaint does not contend that TD Bank committed any wrongdoing or was otherwise negligent in accepting the wire transfer, but rather seeks to replevy those funds, if any, that remain in the customer's account; and

**THE COURT FURTHER OBSERVING** that the Amended Complaint also seeks the entry of a judgment "[d]eclaring the funds . . . to be the rightful property of Plaintiff," Am. Compl. at 5; and

**THE COURT FINDING** that the Amended Complaint fails to establish a cause of action for replevin[2]; and

**THE COURT FURTHER FINDING** that in the absence of any substantive claim, the Amended Complaint cannot sustain a standalone demand for declaratory judgment[3];

---

[2] Under New Jersey law, replevin is governed by N.J. STAT. ANN. § 2B:50-1, which provides that "[a] person seeking recovery of goods wrongly held by another may bring an action for replevin" and that a court shall enter an order granting possession of the same "[i]f the person establishes the cause of action." To state a replevin claim, the plaintiff must establish "absolute ownership and right to the possession" of the subject property. *Christie v. Nat'l Inst. for Newman Stud.*, No. 16-6572, 2019 WL 1916204, at *16 (D.N.J. Apr. 30, 2019). Here, even assuming that the wired funds can constitute "goods" under the statute, Plaintiff's replevin claim fails because it relinquished its ownership and possessory rights to the funds when it authorized their transfer. *See* N.J. STAT. ANN. § 12A:4A-104(1) ("A funds transfer is completed by acceptance by the beneficiary's bank of a payment order for the benefit of the beneficiary of the originator's payment order."); *id.* § 12A:4A-404(1) ("[I]f a beneficiary's bank accepts a payment order, the bank is obliged to pay the amount of the order to the beneficiary of the order."). The mere fact that Plaintiff was led to do so under later-discovered false pretenses does not, by itself, operate as a reversal of that transaction. *See id.* § 12A:4A-211(3)(b) ("With respect to a payment order accepted by the beneficiary's bank, cancellation or amendment is not effective unless the order was issued in execution of an unauthorized payment order, or because of a mistake by a sender in the funds transfer which resulted in the issuance of a payment order[.]"). That the Amended Complaint simultaneously seeks to reestablish Plaintiff's title over the funds demonstrates the absence of this critical prerequisite. To the extent Plaintiff seeks to premise its replevin claim on a theory of detinue, it fails for this same reason. *See Baron v. Peoples Nat. Bank of Secaucus*, 87 A.2d 898, 901 (N.J. 1952) ("Under our statute there must be an unlawful detention and in that respect the action of replevin is put on the same footing as an action in trover or detinue.").

[3] Count I of the Amended Complaint purports to assert a cause of action under the New Jersey Declaratory Judgment Act, N.J. STAT. ANN. §§ 2A:16-51 *et seq.* However, it is well-settled that the federal Declaratory Judgment Act applies in federal court. *See* 28 U.S.C. § 2201; *see also Kemper Ins. Co. v. Rauscher*, 807 F.2d 345 (3d Cir. 1986) ("It is settled law that, as a procedural remedy, the federal rules respecting declaratory judgment actions apply in diversity cases."); *Muhlbaier v. Specialized Loan Servicing LLC*, No. 18-00125, 2018 WL 3238832, at *2 (D.N.J. July 3, 2018) ("[W]hen a declaratory judgment action has been removed to federal court, it is treated as though it had been

**IT IS** this **15th** day of **April 2024** hereby

**ORDERED** as follows:

A) TD Bank's Motion to Dismiss (ECF No. 9) is **GRANTED**;

B) Plaintiff's Amended Complaint (ECF No. 8) is **DISMISSED WITH PREJUDICE**;

C) The Clerk of Court shall mark this matter as **CLOSED**.

*/s/ Karen M. Williams*
KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

---

filed under the federal declaratory judgment act." (quotation marks omitted)). The Act "is not a standalone source of rights, but a procedural vehicle for litigants to seek a declaration of their rights under some other law." *MedWell, LLC v. Cigna Corp.*, No. 20-10627, 2021 WL 2010582, at *2 (D.N.J. May 19, 2021) (citing *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 628 (3d Cir. 2013)). Because Count I is premised on a form of relief, rather than a cause of action, it cannot be pursued as a "standalone claim" and accordingly must be dismissed. *See id.*

3